**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROYAL SUN ALLIANCE INSURANCE, PLC, | CIVIL ACTION NO. 09-2862 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| NATIONAL CONSOLIDATION SERVICES LLC, et al., | |
| Defendants. | |

**COOPER, District Judge**

Plaintiff brought this action for, <u>inter alia</u>, breach of contract under the Carmack Amendment, 49 U.S.C. § 14706, against defendants, National Consolidation Services LLC ("NCS") and Roadco Transportation Services, Inc. ("Roadco" and, with NCS, "defendants"). (Dkt. entry no. 1, Compl.) Plaintiff asserts jurisdiction based upon 28 U.S.C. § ("Section") 1331. (<u>Id.</u>) The Court issued an Order to Show Cause why this action should not be transferred to the United States District Court for the Northern District of Illinois or the United States District Court for the Northern District of Ohio. (Dkt. entry no. 14, Order & Order to Show Cause.) Roadco favors a transfer of venue. (Dkt. entry no. 20, Roadco Br.)[1] Plaintiff opposes transfer of venue. (Dkt.

---

[1] NCS did not respond to the Order to Show Cause, but did assert improper venue as an affirmative defense in its Answer. (<u>See</u> dkt. entry no. 23, NCS Answer at 9.)

entry no. 24, Pl. Br.)  The Court determines the Order to Show Cause on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b).  The Court, for the reasons stated herein, will vacate the Order to Show Cause.

### BACKGROUND

Plaintiff is a corporation organized and existing under the laws of the United Kingdom.  (Compl. at 1.)  Roadco is an Illinois citizen, and NCS has a principal place of business in Illinois.  (Roadco Br. at 2.)  Defendants are nationwide cargo carriers that run routes through New Jersey.  (Pl. Br. at 4; dkt. entry no. 25, Decl. of Thomas M. Eagan, Exs. 3-4.)  Defendants were responsible for transporting a shipment of products from Mechanicsburg, Pennsylvania to Chicago, Illinois. (Pl. Br. at 2; Roadco Br. at 2.)  While stopped at a service station in Ohio, the shipment was stolen.  (Roadco Br. at 2; see also Compl. at 4-5.)  Plaintiff brought this action to recover damages caused by the stolen shipment.  (See Compl.)  The Court issued an Order to Show Cause why the action should not be transferred under Section 1404(a) to the either the Northern District of Illinois or the Northern District of Ohio.  (See Order & Order to Show Cause).  Roadco and plaintiff responded to the Order to Show Cause, Roadco supporting transfer and plaintiff opposing transfer. (See Roadco Br.; Pl. Br.)

**DISCUSSION**

## I. Applicable Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). To transfer an action under Section 1404(a), venue must be proper both in the transferor court and the transferee court. Osteotech, Inc. v. GenSci Regeneration Scis., Inc., 6 F.Supp.2d 349, 357 (D.N.J. 1998). It must also be shown that the alternative venue is not only adequate, but also more convenient than the current one. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). "[T]he decision to transfer must incorporate all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Rappoport v. Steven Spielberg, Inc., 16 F.Supp.2d 481, 498 (D.N.J. 1998) (quotation and citations omitted). District courts have broad discretion to determine - on a case-by-case basis - whether considerations of convenience and fairness favor transfer. Jumara, 55 F.3d at 883; see Decker v. Dyson, 165 Fed.Appx. 951, 954 n.3 (3d Cir. 2006).

Courts balance private and public interests when deciding whether to transfer venue under Section 1404(a). Jumara, 55 F.3d at 879. Private interests include a plaintiff's choice of forum,

a defendant's preference, whether the claim arose elsewhere, convenience of the parties as indicated by their physical and financial condition, convenience of witnesses to the extent that they may be unavailable in one forum, and the location of books and records to the extent they could not be produced in alternative fora.  Id.; Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008).

Courts also consider public interests in the Section 1404(a) analysis, including enforceability of a judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law.  Jumara, 55 F.3d at 879-80; Yocham, 565 F.Supp.2d at 557.

**II.  Application of Legal Standards**

Roadco argues that the action should be transferred to the Northern District of Illinois because the main parties, including Roadco and NCS, are located in Illinois.  (Roadco Br. at 2.)  Roadco asserts that "[i]t follows that the majority of the witnesses and documents will be located in Illinois."  (Id.)  Roadco also argues that the action has no connections to New Jersey, but several connections to Illinois.  (Id. at 3.)  Plaintiff argues that New Jersey is a proper venue for the action

4

and that the Jumara factors do not favor transfer of venue. (Pl. Br. at 5-6, 9-16.)

The Court finds that transfer of venue under Section 1404(a) is inappropriate here. Roadco has not shown that the private and public interest factors favor a transfer of venue to the Northern District of Illinois. See Jumara, 55 F.3d at 879.

The private interests in this action do not favor transfer to Illinois. Plaintiff's choice of forum weighs against transfer because plaintiff selected a New Jersey forum. (See Compl.; Pl. Br. at 9-10). See Rappoport, 16 F.Supp.2d at 499 (stating that generally plaintiff's choice of forum should not be disturbed). Here, Roadco has not shown that plaintiff's choice of forum should be overturned. The location of witnesses and documents also does not favor transfer since Roadco has not shown that witnesses and documents will be unavailable in a New Jersey forum. See Jumara, 55 F.3d at 879 (noting that convenience of witnesses and location of documents should be considered "but only to the extent that [they] may actually be unavailable for trial in one of the fora"). Plaintiff, however, has shown that some of its third-party witnesses may be unavailable for trial in Illinois. (See Pl. Br. at 13-14; dkt. entry no. 26, Decl. of A. Wayne Klokis at 1-2.) The convenience of the parties also weighs against a transfer because Roadco will not be greatly inconvenienced by litigating in New Jersey since it does business

in, and runs routes through, New Jersey.  (Pl. Br. at 4; Decl. of Thomas M. Eagan, Ex. 4.)  See Osteotech, 6 F.Supp.2d at 359 (finding party would not be greatly inconvenienced by litigating away from its home forum where party did business and had significant presence in alternative forum).  Also, Roadco has not shown any physical or financial limitations to its ability to litigate the action in New Jersey.  See IMS Health, Inc. v. Vality Tech. Inc., 59 F.Supp.2d 454, 470 (E.D. Pa. 1999) (emphasizing that defendant failed to show it would be physically or financially unable to litigate in plaintiff's chosen forum).

The public interest factors also weigh against transfer to the Northern District of Illinois.  Enforceability of the judgment does not favor transfer because the ultimate judgment will be enforceable in both states.  See Yocham, 565 F.Supp.2d at 559.  Administrative ease does not favor transfer since nothing indicates that there is any related litigation pending in Illinois.  Cf. Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F.Supp.2d 518, 537 (D.N.J. 2000) (stating that where related actions exist, it is in the interest of justice to permit both actions to proceed before one court).  Further, Roadco has not identified any public policy concerns or practical considerations that could make trial easy that weigh in favor of transferring venue.  Thus, the private and public interest factors do not favor transfer of the action to Illinois.

**CONCLUSION**

The Court, for the reasons stated supra, will vacate the Order to Show Cause. The Court will issue an appropriate order.[2]

                                    s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge

Dated: September 18, 2009

---

[2] Roadco also failed to address 49 U.S.C. § 14706(d)(1) and (2). The defendants run routes through New Jersey, and the loss occurred in Ohio.